NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 04a0087n.06
Filed: November 16, 2004

**No. 04-3050**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| JOHN FUSON, | ) | NORTHERN DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellee. | ) | |

Before: DAUGHTREY and SUTTON, Circuit Judges; FORESTER, District Judge.[*]

PER CURIAM. In 1998, John Fuson pleaded guilty to a felon-in-possession-of-a-firearm charge. The pre-sentence report recommended a guideline range of 27 to 33 months' imprisonment, but the district court on its own initiative departed downward eight offense levels and sentenced Fuson to probation with a period of home detention. At trial, the government challenged the downward departure and on appeal it renews that challenge. Concluding that the Federal Sentencing Guidelines do not support some of the district court's explanations for its departure and that others of its explanations lack an adequate record, we vacate the sentence and remand the case to the district court for re-sentencing.

---

[*]The Honorable Karl S. Forester, Chief Judge of the Eastern District of Kentucky, sitting by designation.

I.

John Fuson has a wife and three children and owns his own business. In September 2001, Fuson's wife purchased a 75-year-old handgun at an antique show with the intent to resell the gun for profit. Shortly after she purchased the gun, Fuson allegedly expressed his objection to it and mentioned that he was not supposed to have weapons in the house due to his prior felony convictions. The gun nonetheless remained in the house for the next four months.

In January 2002, police found the gun while searching Fuson's residence in connection with a warrant unrelated to the antique weapon. At the time the gun was found, it was in a closet and in the same gun case that was given to Fuson's wife when she purchased it. It was not loaded, but there was ammunition elsewhere in the house. Fuson told authorities that neither he nor his family members had ever fired the gun.

A background check revealed that Fuson was a convicted felon, having previously pleaded guilty to the following three counts of drug trafficking under Ohio law: selling a half ounce of marijuana for $90 to a confidential informant on August 3, 1996; exchanging .69 grams of marijuana for three cartons of cigarettes (worth about $75) with a confidential informant on October 23, 1998; and exchanging one- eighth of an ounce of marijuana for three cartons of cigarettes with a confidential informant on October 24, 1998. Fuson also had pleaded guilty to driving under the influence on two occasions, once in 1993 and once in 1994.

The government charged Fuson under 18 U.S.C. § 922(g)(1) for being a felon in possession of a firearm, and he pleaded guilty on July 22, 2003. In the time between his plea and the commencement of his sentence, Fuson voluntarily sought drug-abuse treatment at his own expense.

The pre-sentence report recommended a sentence of 27 to 33 months based on a criminal history category of II and an offense level of 17. At the sentencing hearing on December 12, 2003, the parties stipulated that they did not object to the pre-sentence report. Over the objection of the government, however, the district court sua sponte departed downward eight levels. In doing so, the court gave an oral explanation for its departure, indicating that it was invoking Guidelines §§ 4A1.3 and 5K2.0 and relying on the following specific bases for departure: Fuson is a productive citizen in business with his daughter's boyfriend; he supports his wife and three children; he voluntarily sought drug-abuse treatment at his own expense and has not had a relapse since he began treatment; the gun was an antique, had never been fired and was purchased for collection purposes only; and a small amount of marijuana formed the basis for his predicate offenses. While the district court gave these reasons for the departure in open court, the written statement of reasons for the departure contained just the following: "Over the objections of the government, the court determined that the defendant's Criminal History Category was overstated. Further, the court departed eight levels based upon the finding that this case is outside the heartland of the guidelines, pursuant to U.S.S.G. 4A1." JA 27. After accounting for this departure, the court (1) sentenced Fuson to five years of probation with the first six months to be served through home detention and (2) fined him $2,000.

II.

The district court sentenced Fuson in December 2003, roughly eight months after the PROTECT Act, Pub. L. No. 108-21 § 401(c), 117 Stat. 650 (Apr. 2003), became law. The Act not only requires appellate courts to give de novo review to downward departures under the Sentencing Guidelines, 18 U.S.C. § 3742(e), but it also requires sentencing courts to state "with specificity in the written order of judgment" their reasons for departing from the guideline range, 18 U.S.C. § 3553(c)(2). Perhaps as a result of the recency of the Act's passage, the district court gave most of its reasons for the departure through an oral statement in court and ultimately issued a two-sentence written order, which by itself neither adequately explains nor justifies the departure. Under these circumstances, it is appropriate to remand the case to the district court to allow it in the first instance to explain in writing the basis for the departure.

Even aside from the writing requirement of section 3553(c)(2), there is an independent (non-technical) reason for remanding the case. When one looks outside the written judgment, the district court's oral reasons for the departure do not support it. First, the court appears to rely heavily on its determination that the pre-sentence report overstates Fuson's criminal history category. But a departure under U.S.S.G. § 4A1.3 (adequacy of criminal history category) may be used only to depart downward (in reality sideways and to the left) *one level* on the *horizontal* axis of the sentencing grid, not eight levels on the vertical axis of the grid. *See* United States Sentencing Commission, *Guidelines Manual*, Sentencing Table (Nov. 2002). In the pre-sentence report, Fuson's criminal history was listed as Category II. At best, then, a departure could bring him to

Category I on the sentencing grid. Coupled with an offense level of 17, that leaves a Guideline range of 24 to 30 months. In other words, while it may well be appropriate on remand to give Fuson this one-level departure under § 4A1.3—a matter we leave to the district court in the first instance—the point is that this theory of departure was not adequately explained by the district court and at best could justify just one level of departure on the horizontal sentencing grid.

Second, the district court also invoked § 5K2.0 of the Guidelines, which provides for departures in cases where the circumstances of the case either have not been adequately taken into account by the Guidelines or have been taken into account by the Guidelines but are present to an exceptional degree. A review of the sentencing-hearing transcript, however, suggests that many of the reasons given by the district court for departing under this provision are foreclosed by our cases or by the Guidelines themselves. The court, for example, appeared to aggregate the offender and offense characteristics in Fuson's case to create a single situation not contemplated by the Guidelines, an approach that we rejected in *United States v. Dalecke*, 29 F.3d 1044 (6th Cir. 1994). There, we held that a sentencing court could not employ an aggregate-and-conquer approach to this Guideline by adding up individual circumstances that *were* contemplated by the Guidelines to create "a single atypical circumstance" that *was not* covered by the Guidelines. *Id.* at 1047.

In justifying the departure, the court also noted that the weapon at issue was an antique and was not used for any criminal purpose. Section 2K2.1(b)(2) of the Guidelines, it is true, states that a six-level departure may be appropriate in cases where the defendant "possessed all ammunition and firearms solely for lawful sporting purposes or collection, and did not unlawfully discharge or

otherwise unlawfully use such firearms or ammunition." But the provision goes on to bar a departure if the defendant's predicate offense was a controlled-substance offense, U.S.S.G. § 2K2.1(b)(2), which is precisely the situation here.

The district court, finally, invoked several other reasons for departure that ordinarily do not suffice to lower a defendant's sentence—that he owned his own business, that he supported his wife and three children through his business and that he volunteered at his own expense to begin drug rehabilitation. Section 5H1.5 of the Guidelines says that employment history is "not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range." And section 5H1.6 of the Guidelines says that "family ties and responsibilities and community ties are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range." Factors that are "not ordinarily relevant" can only form the basis for a departure when they are "present to an exceptional degree or in some other way make[] the case different from the ordinary case where the factor is present." *Koon v. United States*, 518 U.S. 81, 95–96 (1996). Likewise, only "extraordinary efforts at rehabilitation" can form the basis for a downward departure. *See United States v. Sauer*, No. 98-6066, 1999 WL 1021582, at *4 (6th Cir. Nov. 1, 1999). In all three instances, the court needs to explain on remand (if it wishes to make a downward departure) how Fuson's case is an extraordinary one in each (or some) of these respects.

III.


Accordingly, we vacate the defendant's sentence, remand the case to the district court for re-sentencing and the ask the court to state in writing its reasons for granting any downward departure.