**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0097n.06
Filed: February 8, 2007

No. 05-3782

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| *Plaintiff-Appellant*, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| **v.** | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| **JOHN A. FUSON,** | ) | |
| | ) | **O P I N I O N** |
| *Defendant-Appellee*. | ) | |
| | ) | |

BEFORE: DAUGHTREY, COLE, and GIBBONS, Circuit Judges.

**R. GUY COLE, JR., Circuit Judge.** The Government appeals the sentence the district court imposed on John Fuson after he pleaded guilty to one count of being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). The recommended sentence under the United States Sentencing Guidelines was twenty-four to thirty months in prison. The district court sentenced Fuson to five years of probation (six months of which required home confinement) and imposed a fine of $2000. On appeal, the Government argues that (1) the district court incorrectly applied the Sentencing Guidelines' departure criteria in reaching this sentence, and (2) even if viewed as a non-Guidelines departure under 18 U.S.C. § 3553(a) (in which case the district court has greater discretion), the sentence is both procedurally and substantively unreasonable. For the following

reasons, we conclude that the sentence is a non-Guidelines departure under § 3553(a) that is procedurally and substantively reasonable. We therefore **AFFIRM** the district court.

## I. BACKGROUND[1]

In September 2001, Fuson's wife purchased a seventy-five-year-old handgun at an antique show with the intent to resell the gun for profit. Shortly after she purchased the gun, Fuson allegedly expressed his objection to it and mentioned that he was not supposed to have weapons in the house due to his prior felony convictions. The gun nonetheless remained in the house for the next four months.

In January 2002, police found the gun while searching Fuson's residence in connection with a warrant unrelated to the antique weapon. When the gun was found, it was in a closet and in the same case that it was in when Fuson's wife purchased it. The gun was not loaded, but there was ammunition elsewhere in the house. Fuson told authorities that neither he nor his family members had ever fired the gun.

A background check revealed that Fuson was a convicted felon. He had previously pleaded guilty to the following three counts of drug trafficking under Ohio law: (1) selling a half ounce of marijuana for $90 to a confidential informant on August 3, 1996; (2) exchanging 0.69 grams of marijuana for three cartons of cigarettes (worth about $75) with a confidential informant on October 23, 1998; and (3) exchanging one-eighth of an ounce of marijuana for three cartons of cigarettes with

---

[1]Some of this background information is discussed in this Court's prior decision in this case, *United States v. Fuson* (*Fuson I*), 116 F. App'x 588 (6th Cir. 2004).

a confidential informant on October 24, 1998. Additionally, Fuson had pleaded guilty to driving under the influence on two occasions, once in 1993 and once in 1994.

The Government charged Fuson under 18 U.S.C. § 922(g)(1) for being a felon in possession of a firearm, and he pleaded guilty on July 22, 2003. After his plea but before beginning his sentence, Fuson voluntarily sought drug-abuse treatment at his own expense.

The district court held a sentencing hearing on December 12, 2003. The Pre-Sentence Investigation Report (PSR) concluded that under the Sentencing Guidelines Fuson's Criminal History Category was II and his base offense level was seventeen. This calculation resulted in a sentencing range of twenty-seven to thirty-three months. The parties did not object to the PSR, but the district court departed downward from this range, invoking Guidelines departure provisions and explaining that it relied on the following bases for departure: Fuson is a productive citizen in business with his daughter's boyfriend; he supports his wife and three children; he voluntarily sought drug-abuse treatment at his own expense and has not had a relapse since he began treatment; the gun was an antique, had never been fired, and was purchased for collection purposes only; and a small amount of marijuana formed the basis for his predicate felony offenses. Although the court gave these reasons orally, the written statement of reasons for the departure contained only the following: "Over the objections of the government, the court determined that the defendant's Criminal History Category was overstated. Further, the court departed eight levels based upon the finding that his case is outside the heartland of the guidelines, pursuant to U.S.S.G. 4A1.3." After accounting for this departure, the court sentenced Fuson to five years of probation (with the first six months to be served through home detention) and fined him $2000. The Government timely appealed.

On November 16, 2004, this Court vacated the sentence and remanded for re-sentencing, holding that (1) the district court's written order neither adequately explained nor justified the departure and therefore violated 18 U.S.C. § 3553(c)(2); and (2) the court's oral explanation did not support the departure because (a) the court's determination that the PSR overstated Fuson's criminal history would allow for only a one-level downward departure from Category II to I, not an eight-level downward departure in offense level; (b) many of the court's reasons for departure under the Guidelines' departure provisions were foreclosed by this Circuit's cases or the Guidelines themselves; and (c) the court considered factors that the Guidelines deem "not ordinarily relevant" (e.g*.,* employment history) but did not explain, as it was required to do, how these factors were "present to an exceptional degree or in some other way made the case different from the ordinary case where the factor is present." *See Fuson I*, 116 F. App'x at 590-91. Shortly after this decision, but before the district court re-sentenced Fuson, the United States Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005), which held that the Guidelines are not mandatory but only advisory.

On May 16, 2005, the district court conducted another sentencing hearing. The court again considered the original PSR, which concluded that Fuson's Criminal History Category was II and his offense level was seventeen. The court again concluded that Criminal History Category II overstated Fuson's criminal history and determined it should be Category I. Fuson's offense level and Criminal History Category correlated to a Guidelines range of twenty-four to thirty months. The Government agreed that a sentence in this range would be reasonable, and it requested such a sentence. The court then stated it believed "it would be appropriate to deviate from the guideline

range." The court indicated that it planned to impose the same sentence it imposed before, and the probation officer stated that the corresponding Guidelines offense level for that sentence (considering a Criminal History Category I) would be ten. The court responded that "the appropriate sentence in this case is at the level 10."

The court then provided its reasons for imposing the lesser sentence, noting that "the nature and circumstances of this particular offense justify, if indeed they do not compel, a result that is more lenient than the guidelines would mandate." Similar to Fuson's first sentencing, the court recounted certain factors, including that Fuson's wife bought the gun, it was not bought to further criminal conduct, and it was kept in a closet. The court further noted that although "a fair amount of ammunition at some point . . . had been acquired by someone," had the gun been a year older, "we would not be here."[2]

The court turned again to the nature of the particular offense: "I think of all these kinds of cases, this is one where the nature and the circumstances of how the offense occurred and the fact that this was essentially constructive possession justify a deviation or variance from the guidelines." At this point, the court noted that Fuson's record was "unblemished" since his marijuana-trafficking conviction seven years earlier, and no contraband was found in his house during the search that turned up the gun. The court further noted that Fuson "is working, supporting the family," and although the court recognized "that normally is not a basis for a departure or deviation," it at least

---

[2]Although the record is not clear on this comment, we presume it to mean Fuson could not be prosecuted for possessing an antique firearm under 18 U.S.C. § 921. The Government does not dispute the district court's comment.

"suggests . . . a lenient sentence is appropriate." The court next explained that the punishment was just; that there probably would be a general deterrent effect on those who know the sentencing risk to which Fuson was exposed; and that the public was never in danger. The court acknowledged that although Fuson's sentence "will have the effect of creating some disparity between the defendant and other people convicted of this offense," the court believed this disparity was justified here because of "the nature and circumstances of this offense in comparison with those and other cases of this sort being brought by the Government." Finally, the court noted there was no issue of restitution. The court ultimately imposed the original sentence of five years of probation (including six months of home confinement) and a $2000 fine. The Government now appeals.

## II.  DISCUSSION

### A.  Standard of Review

After *Booker*, which rendered the Sentencing Guidelines advisory for all criminal cases, district courts have enhanced discretion when sentencing criminal defendants. *United States v. Jackson*, 408 F.3d 301, 304 (6th Cir. 2005) (citation omitted). Ultimately, however, *Booker* requires that the sentence the district court imposes be reasonable. *Id.* Both district courts imposing sentences and appellate courts reviewing sentences are to be guided by the factors set forth in 18 U.S.C. § 3553(a). *Id.* Section 3553(a) instructs a district court to impose "a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in [§ 3553(a)(2)]." *United States v. Collington*, 461 F.3d 805, 807 (6th Cir. 2006). Under § 3553(a), the district court should consider the seriousness of the offense, deterrence of future crimes, protection of the public from future crimes of the defendant, and providing the defendant with needed training or correctional treatment.

*Id.* (citing § 3553(a)(2)). The court should also consider the nature and circumstances of the defendant, the kinds of sentences available, the sentencing Guideline range, policy statements from the Sentencing Commission, the need to avoid sentencing disparities, and the need to provide restitution to the victims. *Id.* at 807 n.1 (citing § 3553(a)(1), (3)-(7)). Thus, under this new sentencing scheme, district courts are required to consider the applicable Guideline sentencing range when arriving at a defendant's sentence, *see* § 3553(a)(4), but as only one factor of several laid out in § 3553(a). *Jackson*, 408 F.3d at 304; *see also United States v. McBride*, 434 F.3d 470, 476 (6th Cir. 2006) ("Once the appropriate advisory Guideline range is calculated, the district court throws this ingredient into the section 3553(a) mix."). We review a district court's imposition of a sentence for reasonableness with an eye toward those same § 3553(a) factors. *Jackson*, 408 F.3d at 304.

**B.      "Non-Guidelines Departure" Under § 3553(a)**

Before *Booker*, under the mandatory Guideline system, a defendant's only hope of a lesser sentence was a Guideline-based downward departure. *McBride*, 434 F.3d at 476. These Guideline-based departures were very limited. *See id.* ("In contrast to the sentencing scheme before *Booker* when a sentence outside the mandatory guideline range was permitted only on very limited grounds, there are now more sentencing variables.") (citation omitted). The Government argues that Fuson's sentence "appears to be the product of a departure under the Sentencing Guidelines," (Appellant's Br. 19-20), as opposed to a "non-Guidelines sentence under § 3553(a)," (*id.* 26). In short, according to the Government, the district court departed under the Guidelines and was therefore required to depart in the limited ways enumerated in the Guidelines. Thus, the Government argues, the district

court "recommitted the same Guidelines errors it committed when it initially sentenced Fuson." (*Id.* 19-20.)

We conclude, however, that Fuson's sentence was not the result of a Guideline-based departure; rather, it was a now-typical § 3553(a) sentence, also known as a "non-Guideline departure," "deviation," or "variance." *See, e.g., United States v. Cousins*, 469 F.3d 572, 577 (6th Cir. 2006) ("We often refer to Non-Guideline departures as 'variances.'"); *United States v. Davis*, 458 F.3d 491, 497 (6th Cir. 2006) (noting that a factor the district court considered "did not authorize a "*downward departure*" under the Guidelines, but separately addressing whether the factor authorizes a "*variance*" under § 3553(a)). As discussed further below, the district court plainly imposed Fuson's sentence by considering the § 3553(a) factors and not simply the Guideline departures. The district court even stated that Fuson's sentence amounted to a "variance" from the Guidelines. (*See, e.g.,* J.A. 98 ("I think of all these kinds of cases, this is one where the nature and the circumstances of how the offense occurred . . . justify a *deviation or variance* from the guidelines." (emphasis added)).) And although the district court remarked that "the appropriate sentence in this case is at the level 10," (*id.* 96), we conclude the court was merely indicating (albeit unnecessarily) where the sentence would fall if it were derived from the Guidelines. The court was not, as the Government contends, "recommitting" the same Guideline-departure errors we found in *Fuson I.*

## C.  **Reasonableness**

The government further contends that even as a non-Guidelines sentence under § 3553(a), Fuson's sentence is unreasonable, both procedurally and substantively. We disagree.

1.      Procedural Reasonableness

A sentence may be procedurally unreasonable if the district court fails to consider the applicable Guidelines range or neglects to consider the other factors listed in § 3553(a) and instead simply selects what the court deems an appropriate sentence. *Collington*, 461 F.3d at 808 (citing *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005)).  Here, the district court correctly calculated the Guidelines range of twenty-four to thirty months, and the Government conceded that this range was reasonable.  The court then independently considered and faithfully applied the § 3553(a) factors, specifically discussing the nature and circumstances of the offense and Fuson's history and characteristics (*see* § 3553(a)(1)); the need for the sentence imposed to provide just punishment (*see* § 3553(a)(2)(A)), to afford adequate deterrence (*see* § 3553(a)(2)(B)), and to protect the public (*see* § 3553(a)(2)(C)); the need to avoid unwarranted sentencing disparities (*see* § 3553(a)(6)); and the need to provide restitution (*see* § 3553(a)(7)).  For procedural reasonableness, this is all that we require.  *See Davis*, 458 F.3d at 495 (noting that sentence "satisfies each of [the] procedural requirements and indeed can fairly be described as a thorough application of the § 3553(a) factors" where the judge used the appropriate version of the Guidelines and correctly calculated the Guidelines range, considered the availability of Guidelines departures, and independently considered and faithfully applied each of the § 3553(a) factors); *see also Collington*, 461 F.3d at 809 (sentence was procedurally reasonable even though district court did not explicitly

name each of the § 3553(a) factors it used to arrive at the sentence). We therefore conclude the district court imposed a procedurally reasonable sentence.

### 2.    Substantive Reasonableness

When a district court considers the relevant § 3553(a) factors in depth and reaches its determination that the appropriate sentence varies from the advisory Guidelines range, we are reluctant to find the sentence unreasonable. *Id.* at 811. Nonetheless, a sentence may be considered substantively unreasonable when the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors, or gives an unreasonable amount of weight to any pertinent factor. *Id*. at 808 (citing *Webb*, 403 F.3d at 383). When the district court independently chooses to deviate from the advisory Guidelines range (whether above or below it), we apply a form of proportionality review: "[T]he farther the judge's sentence departs from the guidelines sentence . . . the more compelling the justification based on factors in section 3553(a)" must be. *Davis*, 458 F.3d at 496 (citations omitted).

*Davis* and *Collington* guide our decision here. In *Davis*, we held that a district court's downward variance from the Guidelines was substantively unreasonable. *Id.* at 500. There, a jury convicted the defendant of bank fraud, and the district court determined the Guidelines sentencing range to be thirty to thirty-seven months. *Id.* at 494. Under § 3553(a), the district court imposed a lower sentence, relying heavily on three factors: the defendant was seventy years old, fourteen years had elapsed since he committed the offense, and the offense was a white-collar crime. *See id.* The sentence amounted to one day in prison, three years of supervised release (including one year of home confinement) and 100 hours of community service. *Id.* at 495.

This Court vacated the sentence, concluding it was substantively unreasonable. The Court noted that the one-day prison sentence amounted to an extraordinary variance from the Guidelines range of thirty to thirty-seven months and that the circumstances did not justify that variance. First, the Court explained that the fourteen-year gap between conviction and sentence did not support such a dramatically reduced sentence "and indeed may not support a variance at all" because "[t]ime intervals of this sort appear nowhere in" the list of § 3553(a) factors. *Id.* at 497. Second, the Court noted that although *Booker* gives the district court "a freer hand to account for [disfavored sentencing factors such as] the defendant's age in its sentencing calculus under § 3553(a) than it had before *Booker,*" the defendant's age did not warrant the one-day sentence where the defendant's fraud caused over $900,000 in losses, he did not repay the lost money, he did not accept responsibility for his crime, and he had yet to show remorse. The Court also explained that the sentence left no room to make reasoned distinctions between the defendant's sentence and sentences more worthy defendants may deserve. *See id.* at 499. Third, the Court rejected the district court's reliance on the white-collar nature of the crime to reduce the sentence, explaining that "[o]ne of the central reasons for creating the sentencing guidelines . . . was to ensure stiffer penalties for white-collar crime and to eliminate disparities between white-collar sentences and sentences for other crimes." *Id*. Thus, although the Court recognized that the district court "retains ample discretion to grant [the defendant] a variance on this record," the one-day sentence on these "less-than-extraordinary facts" was unreasonable. *Id.* at 500.

In *Collington*, on the other hand, we upheld a district court's downward variance from the Guidelines. There, the defendant pleaded guilty to possession of over fifty grams of crack cocaine

with intent to distribute; being a felon in possession of a firearm; and unlawful possession of a machine gun. 461 F.3d at 806. The district court determined the Guideline sentencing range would be 188 to 235 months. *Id.* at 807. The district court then varied downward from this range based on the defendant's (1) criminal history (he had been imprisoned for only seven months before this crime and this incident was the first time this quantity of drugs and guns had been found in his possession); (2) family history (his father was murdered when the defendant was nine years old, and the defendant's mother died of cancer two years later); and (3) age (the defendant was young enough that he might reform and lead a productive life when released from prison in his mid-thirties). *Id.* at 809. Considering these factors, the district court sentenced the defendant to 120 months' imprisonment with five years of supervised release. Noting that the district court "couched all of its reasons for [the defendant's] sentence in the factors listed in section 3553(a)" and did not "assign an unreasonable amount of weight to any of the factors it considered," this Court upheld the sentence as substantively reasonable.

We conclude Fuson's sentence is substantively reasonable. In contrast to the district court in *Davis*, which relied heavily (and nearly exclusively) on disfavored or improper sentencing factors (time lapse before sentence, age of the defendant, and the white-collar nature of the crime), the district court here relied more on the "nature and circumstances" of the offense and properly considered "history and characteristics of the defendant" under § 3553(a)(1), noting certain particularly unique factors: Fuson's wife bought the gun, which was an antique; it was not bought for any criminal purpose; and Fuson's criminal record, comprised of relatively minor predicate offenses, was unblemished for the past seven years. The court's application of the § 3553(a) factors

here was thus akin to the district court's reasonable sentence in *Collington*. And although the district court remarked that Fuson was working and supporting his family, the court did not rely heavily on this factor, even noting that it was disfavored. The district court retains discretion to give such disfavored factors *some* weight. *See, e.g., Davis* 458 F.3d at 498 (district court has a "freer hand" to consider disfavored factors); *Jackson*, 408 F.3d at 305 n.3 ("To the extent that the district court in resentencing relies on any factors [that] are deemed by the Guidelines to be prohibited or discouraged . . . , the district court will need to address these provisions and decide what weight, if any, to afford them in light of *Booker*."). Had the court relied heavily on improper factors, such as Fuson's family situation, our task would be more difficult. In sum, although we deem this case to approach the boundary of the district court's broader sentencing discretion under *Booker*, it does not cross the line.

### III. CONCLUSION

For the foregoing reasons, we **AFFIRM** the sentence imposed by district court.

JULIA SMITH GIBBONS, Circuit Judge, concurring. While determining that Fuson's sentence is procedurally reasonable is relatively easy, it is far less obvious that the sentence is substantively reasonable. Nevertheless, after much consideration, I join the majority opinion's conclusion that the sentence should be affirmed. In reaching this result, an important point for me is that six months home confinement was imposed as a condition of probation; another is that Fuson's period of supervision is the maximum permitted by statute. Yet, other factors counsel against a determination of substantive reasonableness in my mind. Many defendants charged with violations of 18 U.S.C. § 922(g) evidence no intent to use the weapon in a violent manner, support their families, and have not been in trouble for a long time. It is hard for me to see why this defendant was deserving of a very lenient sentence, while others similarly situated have served prison sentences. I must acknowledge, however, that district courts post-*Booker* have sentencing discretion that in some circumstances permits such disparity. And I agree with the majority that this case differs from *Davis*, in which our court found a one-day sentence based on the defendant's age, white-collar offense, and the passage of time substantively unreasonable. I therefore concur, agreeing that the sentence does not cross the boundary line of a district court's broader sentencing discretion under *Booker*.