**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**James CORDELL, Defendant–**
**Appellant.**

**No. 02–6281.**

United States Court of Appeals,
Sixth Circuit.

Dec. 16, 2003.

Paul W. Laymon, Jr., Asst. U.S. Attorney, U.S. Attorney's Office, Chattanooga, TN, for Plaintiff–Appellee.

R. Dee Hobbs, Bell & Hobbs, Chattanooga, TN, for Defendant–Appellant.

Before BATCHELDER and SUTTON, Circuit Judges; and BELL, District Judge.*

## ORDER

This is a direct appeal from a judgment and commitment order in a criminal prosecution. The parties have agreed to waive oral argument, and, upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2001, James Cordell was indicted on three counts relating to his role in a drug conspiracy. The district court thereafter found Cordell guilty on his plea to one count of conspiracy to manufacture and distribute methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). The court sentenced Cordell to a 236 month term of imprisonment and a four year period of supervised release. This appeal followed.

Counsel for James Cordell advances two sentencing guideline issues for appellate review. In general, a district court's factual findings made in applying the sentencing guidelines are reviewed for clear error, while the court's legal conclusions are reviewed de novo. *United States v. Talley*, 164 F.3d 989, 1003 (6th Cir.1999).

In 1997, Tennessee state law enforcement officers arrested Cordell on two separate occasions. Cordell was arrested for auto theft, altering vehicle registration numbers and possession of marijuana in April 1997; he was arrested seven months later for the rape of his child. Federal agents became interested in Cordell at this time and heard allegations that Cordell had previously employed a man of Hispanic descent in a scheme to manufacture and distribute illegal substances. The agents eventually located this individual, Ryan Mosqueira, who confirmed his role in a plan concocted by Cordell to manufacture methamphetamine at Cordell's Tennessee home. According to Mosqueira, he met James Cordell and his wife, Vickie Cordell, in California in late 1993 or early 1994. The Cordells were attempting to purchase a quantity of methamphetamine and, at some point in the meeting, Mosqueira told the Cordells that he knew how to "cook" methamphetamine. The Cordells then convinced Mosqueira to return with them to their Tennessee home to produce and distribute methamphetamine.

Mosqueira returned to Tennessee with the Cordells in their automobile. He took up residence in the basement of James Cordell's house and Cordell supplied him with food and clothing. Mosqueira began to "cook" methamphetamine in a trailer on the premises owned by Cordell with chemicals purchased for that purpose by Cordell. Cordell drove Mosqueira to the various sources of the precursor chemicals as Mosqueira was a stranger to the area. Cordell brought the various buyers into the transaction and he instructed Mosqueira at one point to cut down the mixture so as to maximize the profit from the sales of methamphetamine. Mosqueira terminated this arrangement after approximately six months and returned to California.

Cordell was convicted of the Tennessee charges and he began serving his concurrent ten-year state sentences on March 29, 1999. Cordell was thereafter indicted by a federal grand jury for conspiracy to manufacture methamphetamine based on his 1994 conduct. Cordell agreed to plead

---

* The Honorable Robert Holmes Bell, United States Chief District Judge for the Western District of Michigan, sitting by designation.

guilty to this charge, the district court accepted the plea and scheduled sentencing after completion of a pre-sentence report.

The parties met for sentencing. Cordell raised two relevant objections to the findings and recommendations of the pre-sentence report. First, Cordell objected to the recommendation that his federal sentence be made to run consecutively to his undischarged Tennessee state court sentences. In addition, Cordell objected to the recommended two-level enhancement to his base offense level pursuant to USSG § 3B1.1(c) owing to his role in the conspiracy as a manager or leader of fewer than five conspirators.

As to the first objection, Cordell's counsel argued that the district court had the discretion to make the federal sentence run concurrently with the state sentence and that the equities of the situation called for just such a decision. The district court rejected this argument, noting that the nature of the state and federal offenses were wholly unrelated to one another. The court acknowledged counsel's argument as to the potential length of the total incarceration, but stated that "it certainly could not have been the intent of the sentencing guidelines or any federal statute that a person would not be sanctioned for completely separate conduct and have those sentences run consecutively."

The district court then heard arguments on the § 3B1.1(c) enhancement as well as the testimony of Mosqueira as summarized above. The district court found Mosqueira credible and concluded that the two-level § 3B1.1(c) enhancement was proper.

The court imposed the sentence of record and Cordell took this appeal. On appeal, counsel reasserts the two sentencing claims detailed above.

The first claim lacks merit. A district court generally has discretion pursuant to USSG § 5G1.3(c) to impose a consecutive, partially consecutive, or concurrent term of imprisonment on a defendant already subject to an undischarged term of imprisonment. 18 U.S.C. § 3584(a); *United States v. Covert,* 117 F.3d 940, 945 (6th Cir.1997). The district court must consider, in the exercise of this discretion, the factors set forth in 18 U.S.C. § 3553(a) as well as applicable sentencing guidelines and policy statements. *Id.* The district court is not required to make specific findings related to each factor. The court, instead, must only "articulate at least enough of its reasoning to permit an informed appellate review." *United States v. McClellan,* 164 F.3d 308, 310 (6th Cir. 1999).

In the case at bar, the district court plainly and succinctly articulated its reasons for making Cordell's federal sentence run consecutively to his state imprisonment: the offenses were "wholly unrelated" to one another, the sentence was needed to provide a just punishment and a consecutive sentence was consistent with the sentencing guidelines. These reasons echo the factors set out in 18 U.S.C. § 3553(a): the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment of the offense; the deterrent effect on criminal conduct; and the protection of the public. There was no abuse of discretion in this regard.

The remaining appellate claim also lacks merit. Section 3B1.1(c) of the guidelines provides for a two-level enhancement in a base offense level if the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than that described in sections (a) or (b). Where the applicability of an enhancement provision is contested, the government bears the burden of establishing the enhancement

factors by a preponderance of the evidence. *United States v. Silverman,* 889 F.2d 1531, 1535 (6th Cir.1989). "The court of appeals shall give due regard to the opportunity of the district court to judge the credibility of the witnesses, and shall accept the findings of fact of the district court unless they are clearly erroneous and ... shall give due deference to the district court's application of the guidelines to the facts." 18 U.S.C. § 3742(e).

The district court found credible Mosqueira's description of the conspiracy and Cordell's role as instigator and chief decision-maker. There is essentially nothing in the record to refute this view of Cordell's role or to cast doubt on Mosqueira's veracity. Giving due deference to the district court's view of this testimony, we conclude that this claim is meritless.

Accordingly, the district court's judgment is affirmed.