NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0020n.06

**No. 08-6413**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| DAVID JENNINGS, | ) | EASTERN DISTRICT OF KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |

**FILED**
**Jan 10, 2011**
LEONARD GREEN, Clerk

Before: BATCHELDER, Chief Judge; SUTTON and McKEAGUE, Circuit Judges.

SUTTON, Circuit Judge. David Jennings challenges the outcome of his re-sentencing proceeding, which resulted in an above-guidelines variance. We affirm.

I.

In 2006, Jennings pleaded guilty (1) to distributing cocaine and (2) to using property subject to forfeiture. 21 U.S.C. §§ 841(a)(1), 853. At sentencing, the district court determined that Jennings was a career offender and sentenced him to 188 months in prison. Jennings appealed, and the government agreed that the district court had improperly labeled Jennings a career offender. We vacated the sentence and remanded for re-sentencing.

The district court reassigned Jennings' case to a different judge, who revised the guidelines range to 37–46 months. Reasoning that this range failed to reflect the need to deter Jennings from future crimes or the extent of Jennings' criminal history, the judge imposed a 120-month sentence. Jennings appealed.

## II.

Jennings' first objection—that the court did not state the guidelines range—goes nowhere, and fast. After noting the base offense level and other guidelines adjustments, the court said the new guidelines range was "37 to 46 months." R.81 at 5.

Also unavailing is Jennings' contention that the district court failed to explain its variance from the guidelines. At the hearing, the court thoroughly explained its reasons, noting (1) "the seriousness of the offense"—"drug-trafficking . . . for a number of years," (2) the need "to promote respect for the law" because "the sentences that have been imposed previously for [Jennings'] drug activities have not deterred him from criminal conduct," and (3) the court's obligation "to provide for a just punishment" and "to protect the public" from Jennings' future crimes given his history of recidivism. R.81 at 13–14.

The court, it is true, did not repeat these reasons in the written order of judgment. Section 3553(c)(2) requires district courts to "state[] with specificity in the written order of judgment and commitment" the "specific reason for the imposition" of a sentence outside the guidelines range. 18 U.S.C. § 3553(c)(2) (2008); *cf.* 18 U.S.C. § 3553(c)(2) (amending 18 U.S.C. § 3553(c)(2) (2008)

to read that, for certain sentences, courts must state the "reason for the imposition of a sentence . . . with specificity in a statement of reasons form issued under section 994(w)(1)(B) of title 28"). But this type of error does not entitle Jennings to yet another sentencing hearing because it was harmless. *See United States v. Poynter*, 344 F. App'x 171, 181 & n.8 (6th Cir. 2009). The court verbally gave its reasons for the sentence and did so in a way that provided sufficient detail for meaningful appellate review. *Cf. United States v. Blackie*, 548 F.3d 395, 401 (6th Cir. 2008). "While this court has emphasized the importance of § 3553(c)(2), it has not vacated a sentence *solely* for failure to meet the statute's written order requirement." *Poynter*, 344 F. App'x at 181 n.8; *see also United States v. Thomas*, 313 F. App'x 280, 283 (11th Cir. 2009) (per curiam); *United States v. Mendoza*, 543 F.3d 1186, 1196 (10th Cir. 2008); *United States v. Jones*, 509 F.3d 911, 916 (8th Cir. 2007). We see no reason to change course now.

Jennings' final objection—that his sentence is substantively unreasonable—fails in light of the legitimate grounds given for this 120-month sentence and in light of the considerable discretion given district courts in fashioning a sentence. *See Gall v. United States*, 552 U.S. 38, 56 (2007). Case law requires us to consider the extent of a variance—here, roughly three times the guidelines range—in relation to the reasons given for it. *See id.* at 47; *United States v. Grossman*, 513 F.3d 592, 596 (6th Cir. 2008). Jennings, however, offers no reason why, based on all of the § 3553(a) factors, his ten-year sentence is too long. *See United States v. Vowell*, 516 F.3d 503, 510–11 (6th Cir. 2008); *United States v. Jackson*, 466 F.3d 537, 540 (6th Cir. 2007).

Nor can we find one ourselves. The district court, which assessed the § 3553(a) factors and the defendant on the scene, amply explained why this sentence was an appropriate one. "[T]he seriousness of the offense" troubled the court, and so did the reality that Jennings had trafficked in drugs for over three decades. The court also was troubled by Jennings' serial run-ins with law enforcement, *see* 18 U.S.C. § 3553(a)(1), which included six prior arrests on multiple charges in addition to his thirteen prior convictions for offenses ranging from trafficking in cocaine to carrying a concealed weapon and disobeying a police officer. Jennings' extensive criminal history by itself distinguished him from the average guidelines offender, *see United States v. Brock*, 501 F.3d 762, 774 (6th Cir. 2007), but the district court found more. In considering the need "to promote respect for the law," 18 U.S.C. § 3553(a)(2)(A), the court noted that Jennings' previous seven-year sentence for drug trafficking had not deterred him from continuing with the drug trade, and concluded a greater sentence was necessary to stop Jennings from breaking the law. The court did not abuse its discretion in imposing this sentence.

Jennings adds that the district court relied on several improper factors. *See United States v. Bailey*, 488 F.3d 363, 368 (6th Cir. 2007). He points out that the court mentioned prior convictions that did not count toward his criminal history points. That was not error. The guidelines allow district courts to consider uncounted criminal convictions and arrests when fashioning a sentence. *See* U.S.S.G. § 4A1.3. Switching fields, Jennings argues that the court sentenced him more harshly due to a prior conviction for which the guidelines had already given him criminal history points. No "double counting" occurred. The court merely considered the length of Jennings' previous sentences

to arrive at an appropriate sentence that would deter him from future crimes and protect the public.

It then reasoned that, because a seven-year sentence had not prevented Jennings from drug trafficking, a ten-year sentence might "promote respect for the law." *See* 18 U.S.C. § 3553(a)(2)(A). That is not an improper consideration. Jennings also claims the district court punished him for fathering children out of wedlock. *See United States v. Barahona-Montenegro*, 565 F.3d 980, 985 (6th Cir. 2009). Although the court mentioned Jennings' children, it did so only when commenting that Jennings had not supported them.

III.

For these reasons, we affirm.