[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 07-15355
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 20, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00294-CR-W-N

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HENRY THOMAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(February 20, 2009)

Before TJOFLAT, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

A Middle District of Alabama grand jury returned a 33-count indictment

against appellant Henry Thomas charging him as follows: Counts 1 through 11 alleged theft and conversion of 11 postal money orders, in violation of 18 U.S.C. § 500; Counts 12 through 22 alleged possession with intent to convert the same 11 stolen postal money orders, in violation of 18 U.S.C. § 500; Counts 23 through 33 alleged receipt, possession, concealment, or disposition of the same 11 postal money orders, which were government property, knowing the same to have been unlawfully obtained by assault and robbery, in violation of 18 U.S.C. § 2114(b). Appellant pled not guilty and stood trial before a jury. The jury found him guilty on all counts, and the district court sentenced him to concurrent prison terms of 24 months. He now appeals his convictions and sentences.

Appellant challenges his convictions on two grounds: (1) the indictment was multiplicitous, in violation of the Double Jeopardy Clause; (2) the evidence was insufficient to sustain his convictions relating to 2 of the 11 stolen money orders – introduced at trial as Government Exhibits 8 and 9 – because there was no evidence that he possessed or had the intent to convert those money orders. We consider these challenges in order.

> An indictment is multiplicitous if it charges a single offense in more than one count. A multiplicitous indictment not only subjects the defendant to numerous sentences for one offense, but also prejudices the defendant and confuses the jury by suggesting that not one but several crimes have been committed. A multiplicitous indictment therefore violates the

2

> principles of double jeopardy because it gives the jury numerous opportunities to convict the defendant for the same offense.

United States v. Williams, 527 F.3d 1235, 1241 (11th Cir. 2008) (citations, quotation, footnote, and alterations omitted).

In United States v. Wilson, 983 F.2d 221, 225 (11th Cir. 1992), the defendant argued that the indictment was multiplicitous because numerous counts constituted a single offense. Relying on Federal Rule of Criminal Procedure 12(b)(2) and (f) – now Rule 12(b)(3)(B) and (e) – we held that "Wilson's failure to object to the multiple counts of bank fraud before his trial . . . bar[ed] him from challenging his convictions on the ground of multiplicity." Id. In this case, appellant failed to challenge his indictment on multiplicity or double jeopardy grounds prior to trial. He therefore waived those grounds, and we do not consider them here. We turn, then, to the question of whether, with respect to two of the stolen money orders, Government's Exhibits 8 and 9, the evidence was sufficient to convict.

The testimony at trial revealed that, in August 2004, an unidentified man robbed the U.S. Post Office in Fort Davis, Alabama. The authorities determined that a money order imprinter machine and 105 postal money orders were stolen during the robbery. Although nobody was prosecuted for the robbery, the primary

3

suspect was Marvin Thomas ("Marvin"), appellant's brother and housemate. When Marvin was arrested in connection with the offense at the Thomas residence in September 2004, the authorities informed appellant that there had been a robbery at the Fort Davis Post Office and that an imprinter machine and blank money order forms had been stolen. The authorities were able to determine the exact serial numbers of the 105 money orders that were stolen. Several convenience store owners in Alabama and Indiana testified that a man identifying himself as Henry Thomas presented and cashed postal money orders from July to September 2006. The serial numbers of those money orders corresponded to those stolen from the Fort Davis Post Office.[1]

The testimony cited above, coupled with the other evidence the Government presented, was more than sufficient for a reasonable jury to conclude that appellant

---

[1]Despite the testimony of several convenience store owners, the probation officer assigned to this case ultimately determined that 56 money orders still remained missing. Each money order had a maximum face value of $1,000 and, therefore, the missing money orders could cause a reasonably foreseeable loss of as much as $56,000. The court never found that Thomas was in possession of these missing money orders and, as such, did not apply an upward sentencing adjustment on account of this potential loss. Rather, the court expressed concern that, since the money orders and the imprinter machine (the latter of which Thomas undisputably had in his possession) were still missing, the postal money orders could lose the benefit of their presumption of genuineness. Further, as a result of the testimony of Mary Davis, the postmaster at the Fort Davis Post Office, the court found that many of the Fort Davis customers did not have bank accounts and paid all of their bills using postal money orders; as a result, Fort Davis residents could find it more difficult to use postal money orders given the missing money orders and imprinter machine. In sum, the court's reliance on the fact that there were missing money orders was designed to support its general conclusion that Thomas's offense – involving the use of the missing imprinter machine – was a serious one. This seriousness finding was the basis of the upward adjustment.

both possessed and converted the postal money orders identified in Government Exhibits 8 and 9, and, moreover, that he knew that these money orders had been stolen from the Fort Davis Post Office. The counts of conviction corresponding to those two money orders are therefore affirmed.

Appellant challenges his sentences on these grounds: (1) the sentences are multiplicitous in violation of the Double Jeopardy Clause; (2) the court failed to give prior notice of its intention to impose an upward variance; (3) the sentences are unreasonable because the court's reliance on the missing 56 money orders and community-specific factors was unsupported by the evidence at trial; and (4) the court erred under 18 U.S.C. § 3553(c)(2) by failing to include a written statement of reasons with the judgment. As with appellant's challenges to his conviction, we consider these challenges in order.

Regarding appellant's first ground, it is true that "[t]he Double Jeopardy Clause protects a defendant against the imposition of multiple punishments for the same offense." United States v. Dowd, 451 F.3d 1244,1251 (11th Cir. 2006). The problem appellant faces is that, at sentencing, he did not object to his sentences on the ground that they were multiplicitous, or barred by the Double Jeopardy Clause, although the court gave him an opportunity to voice the objection. His failure to object waived the objection, and we do not consider it. See Wilson, 983 F.2d at

225-26.

As for appellant's second ground, appellant cites no authority, and we find none, for the proposition that the court was required to give him advance notice that it intended to impose a variance.

We have disposed of appellant's third ground in the margin, see supra note 1. Appellant's fourth ground relating to the court's reasons for imposing the sentences at issue is meritless.

Under 18 U.S.C. § 3553(c), if the court imposes a sentence within the applicable Guidelines sentence range that is greater than 24 months, it must state "the reason for imposing a sentence at a particular point within the range." 18 U.S.C. § 3553(c)(1). If the sentence is outside the applicable sentence range, the court must state "the specific reason for the imposition of a sentence different from that described, which reasons must also be stated with specificity in the written order of judgment and commitment . . . ." 18 U.S.C. § 3553(c)(2).

At sentencing, appellant did not raise § 3553(c)(2) error he asserts here. We therefore review the court's action for plain error. Under this standard, appellant must establish that "(1) an error has occurred, (2) the error was plain, and (3) the error affected substantial rights." United States v. Williams, 527 F.3d 1235, 1240 (11th Cir. 2008) (quotation omitted). "If all three conditions are met, an appellate

6

court may then exercise its discretion to notice a forfeited error, but only if the error seriously affected the fairness, integrity, or public reputation of judicial proceedings." Id. (quotation, ellipsis, and alteration omitted).

Although the district court failed to include a written statement of reasons with its judgment, appellant cannot establish that his substantial rights have been affected because the court sufficiently stated on the record the reasons for the sentences it was imposing.

Having found no infirmity in appellant's convictions or sentences, we affirm the district court's judgment.

**AFFIRMED.**