**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-6532**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

STEVEN D. CARR,

                Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.   Richard L. Voorhees, District Judge.  (5:98-cr-00246-RLV-2)

Submitted: August 23, 2010        Decided: September 20, 2010

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge

Vacated and remanded by unpublished per curiam opinion.

Steven D. Carr, Appellant Pro Se.   Douglas Scott Broyles, Assistant United States Attorney, Charlotte, North Carolina, Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Steven D. Carr appeals the district court's order denying his 18 U.S.C. § 3582(c) (2006) motion for a sentence reduction. For the reasons set forth below, we vacate the district court's order and remand for further proceedings.

In 1999, Carr was convicted, following a jury trial, of conspiracy to possess with intent to distribute cocaine base (Count 1), two counts of possession with intent to distribute cocaine base and aiding and abetting (Counts 4 and 5), and possession with intent to distribute cocaine base (Count 6). In the presentence report ("PSR"), the probation officer grouped the four counts pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 3D1.2(d) (1998). Finding that Carr was responsible for more than 1.5 kilograms of cocaine base, the probation officer assigned a total offense level of thirty-eight pursuant to USSG § 2D1.1 (1998). Carr was designated a career offender pursuant to USSG § 4B1.1, and assigned a criminal history category of VI. The probation officer therefore calculated a sentencing range of 360 months to life. The district court sentenced Carr to a total of 360 months of imprisonment on each of the four drug counts, to run concurrently to each other and consecutively to his state sentences.

Because the amount of cocaine base attributable to Carr had not been alleged in the indictment or submitted to the

2

jury, this court concluded on appeal that Carr's sentence violated the rule set forth in Apprendi v. New Jersey, 530 U.S. 466 (2000). We therefore affirmed Carr's conviction, vacated his sentence, and remanded for resentencing in light of Apprendi and the panel decision in United States v. Angle, 230 F.3d 113 (4th Cir. 2000), vacated, 254 F.3d 514 (4th Cir. 2001) (en banc). United States v. Carr, No. 00-4001, 2000 WL 1616978 (4th Cir. Oct. 30, 2000) (unpublished).

On remand, Carr objected to the determination of the drug quantity attributable to him as relevant conduct. The district court found by a preponderance of the evidence that Carr was responsible for more than 1.5 kilograms of cocaine base and resentenced him to the minimum of the guideline range, or 360 months. Specifically, the district court sentenced Carr to 240 months on Count 1; sixty months on each of Counts 4 and 5 to run concurrently to each other and consecutively to the sentence imposed in Count 1; and sixty months on Count 6 to run consecutively to the sentence imposed in Count 1. See USSG § 5G1.2(d); Angle, 254 F.3d at 518 ("In the case of multiple counts of conviction, the sentencing guidelines instruct that if the total punishment mandated by the guidelines exceeds the statutory maximum of the most serious offense of conviction, the district court must impose consecutive terms of imprisonment to the extent necessary to achieve the total punishment."). We

then affirmed Carr's sentence. United States v. Carr, 34 F. App'x 921 (4th Cir. 2002) (No. 01-4740).

Carr now seeks a reduction of sentence pursuant to 18 U.S.C. § 3582(c) (2006), contending that he is entitled to a reduction under Amendment 706 of the Guidelines, which lowered the offense levels for drug offenses involving crack cocaine. On August 17, 2009, the probation officer prepared a supplement to the PSR, in which she concluded that Carr was eligible for a sentence reduction. The probation officer found that, under Amendment 706, Carr faced a revised guideline range of 324 to 405 months, based on a revised offense level of thirty-six and a criminal history category of VI. She further recommended that Carr's sentence be reduced to 324 months on each count, to run concurrently.

On February 19, 2010, presumably in light of the fact that the August 17, 2009 supplement had not taken the Apprendi remand into account, the probation officer prepared a revised supplement to the PSR. In this version, she maintained that both Carr's initial and revised guideline ranges were capped at 240 months pursuant to USSG § 5G1.1 and the twenty-year statutory maximum set forth in 21 U.S.C. § 841(b)(1)(C) (2006). The probation officer concluded that no reduction was warranted as Carr's guideline range had not been lowered by Amendment 706.

4

That same day, the district court entered an order denying Carr's motion for sentence reduction. The judge calculated the relevant guideline ranges as follows:

> Previous Offense Level: 38
> Criminal History Category: VI
> Previous Guideline Range: 240 to 240 months
>
> Amended Offense Level: 37
> Criminal History Category: VI
> Amended Guideline Range: 240 to 240 months

The court concluded that no reduction was warranted "as the amended sentence in this case was limited to a statutory maximum of 20 years (240 months) by Apprendi v. New Jersey, which then became the applicable guideline range, per USSG § 5G1.1(a). The revised guideline range is similarly limited and the guideline range remains unchanged."

Under § 3582(c)(2), the district court may modify the term of imprisonment "of a defendant who has been sentenced . . . based on a sentencing range that has subsequently been lowered," if the amendment is listed in the Guidelines as retroactively applicable. 18 U.S.C. § 3582(c)(2); see also USSG § 1B1.10, p.s. (2009). Amendment 706 applies retroactively. See USSG § 1B1.10(c), p.s. We review the district court's denial of a motion under § 3582(c)(2) for abuse of discretion. See United States v. Munn, 595 F.3d 183, 186 (4th Cir. 2010). A court abuses its discretion if it fails or refuses to exercise discretion, or if it relies on erroneous legal or factual

5

premises.  James v. Jacobson, 6 F.3d 233, 239 (4th Cir. 1993); see Randall v. Prince George's County, 302 F.3d 188, 211 (4th Cir. 2002) (stating that "[a] court . . . abuses its discretion if it makes a mistake of law").

We conclude that the district court abused its discretion in denying Carr's motion for sentence reduction.  The district court, relying on the revised supplement to the PSR, applied USSG § 5G1.1(a) and concluded that Carr's initial guideline range was 240 to 240 months.  The court apparently overlooked the fact that this case involved multiple counts of conviction.  Section 5G1.1(a) applies to "Sentencing on a Single Count of Conviction," and states that "[w]here the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence."  Because Carr was sentenced on multiple counts of conviction, his initial guideline range was instead governed by USSG § 5G1.2.  Based on an offense level of thirty-eight and a criminal history category of VI, before the application of Amendment 706, Carr faced a guideline range of 360 months to life.  Because the statutory maximum on each individual drug count was 240 months, however, the district court properly applied the "stacking rule" set forth in USSG § 5G1.2(d) and imposed consecutive sentences in order to obtain a prison term within the prescribed guideline

6

range.  See United States v. Stokes, 261 F.3d 496, 500-01 (4th Cir. 2001); Angle, 254 F.3d at 518-19.  Rather than being constrained to a statutory maximum sentence of 240 months, the district court, pursuant to the stacking analysis set forth in § 5G1.2, imposed a guideline sentence of 360 months.

Applying Amendment 706, a defendant responsible for at least 1.5 kilograms (but less than 4.5 kilograms) of cocaine base faces a base offense level of thirty-six.  See USSG §§ 1B1.10(b)(1), p.s., 2D1.1(c)(2) (2009).  The district court erroneously concluded, however, again based on the revised supplement to the PSR, that Carr faced a base offense level of thirty-seven under the career offender provision set forth in USSG § 4B1.1(b) ("[I]f the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply.").  In the revised supplement, the probation officer apparently assumed that Carr faced a statutory maximum term of life, which would have mandated an offense level of thirty-seven pursuant to USSG § 4B1.1(b)(A).  Carr, however, faced a statutory maximum term of twenty years, which yields an offense level of thirty-two pursuant to USSG § 4B1.1(b)(C).  Pursuant to § 4B1.1(b), the higher offense level set forth in § 2D1.1(c)(2) (2009) applies.

7

With an amended offense level of thirty-six and a criminal history category of VI, the amended guideline range is 324 to 405 months of imprisonment. Because Carr's sentencing range was clearly lowered by Amendment 706, we conclude that he is eligible for a sentence reduction pursuant to § 3582(c)(2). We therefore vacate the district court's order and remand for further proceedings, expressing no opinion as to whether the district court should exercise its discretion to grant the motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>