**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4153**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JUSTIN NICHOLAS GUERRA,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.   Terry L. Wooten, Chief District Judge.  (4:12-cr-00176-TLW-1)

Submitted: May 22, 2013                    Decided:  July 5, 2013

Before MOTZ, GREGORY, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William F. Nettles, IV, Assistant Federal Public Defender, Kimberly H. Albro, Research and Writing Specialist, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.   William N. Nettles, United States Attorney, Jimmie Ewing, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a guilty plea, a federal district court convicted Justin Nicholas Guerra of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). The district court applied six sentence enhancements set forth in the presentence investigation report ("PSR"), raising the applicable Federal Sentencing Guidelines range to 188 to 235 months in prison. The district court recognized, however, that the maximum term of imprisonment was limited by 18 U.S.C. § 2252(b)(2) to 120 months. After considering the arguments of counsel, the district court sentenced Guerra to the statutory maximum term.

Guerra challenges his sentence, arguing that the district court abused its discretion by imposing a sentence that is both procedurally and substantively unreasonable. We affirm.

I.

A.

In 2011, an undercover FBI agent signed on to a peer-to-peer file sharing program and discovered approximately eighty-five files of child pornography on the network of a user later identified to be Guerra. The FBI obtained a warrant to search Guerra's home in Myrtle Beach, South Carolina, where they

2

located and seized a computer with images matching those found on the file sharing program.

Guerra's computer contained 1,816 pornographic images involving adult males with prepubescent boys, adult males with infants, and prepubescent boys with other prepubescent boys. Many of the photographs involved sadistic conduct, showing young children in bondage. The file names were graphic, many describing the sexual conduct and the age of the children involved. After speaking with the FBI, Guerra admitted to possessing child pornography, and to using the peer-to-peer sharing network for the purpose of trading child pornography.

B.

In his plea agreement, Guerra agreed to six conditions regarding the application of the Federal Sentencing Guidelines. First, that § 2G2.2(a)(1) would apply with a base offense level of 18. Second, that a two-level enhancement would be applied pursuant to § 2G2.2(b)(2) because the material involved prepubescent minors. Third, that a five-level enhancement would be applied pursuant to § 2G2.2(b)(3)(B) for distribution of pornography. Fourth, that a four-level enhancement would be applied pursuant to § 2G2.2(b)(4) because the material portrayed conduct of a sadistic or masochistic nature. Fifth, that another two-level enhancement would be applied pursuant to § 2G2.2(b)(5) because the offense involved a computer. And

3

finally, that a five-level enhancement would also be applied pursuant to § 2G2.2(b)(7)(D) because the offense involved more than six-hundred images of pornography. Guerra's total offense level, as calculated pursuant to the agreement, was 36.

The district court adopted the conclusions set forth in the PSR and calculated a Guidelines range of 188-235 months in prison. The district court, however, recognized that the maximum term of imprisonment for a violation of § 2252A(a)(5)(B) was limited to 120 months under 18 U.S.C. § 2252(b)(2) & USSG § 5G1.1(a).

Guerra moved for a downward variance. In support of his motion, he filed a sentencing memorandum that raised two issues: (1) the policy disagreements over the application of USSG § 2G2.2; and (2) the individual application of the 18 U.S.C. § 3553(a) factors to his case.

At the sentencing hearing, Guerra's parents and a counselor from his substance abuse program testified regarding Guerra's character and history of sexual abuse. At the conclusion of Guerra's presentation, the district court acknowledged the § 3553(a) factors and explained how they applied to Guerra's case. Focusing on the seriousness of Guerra's conduct, the district court denied Guerra's motion and sentenced him to 120 months' imprisonment. He timely appeals.

4

II.

We review the district court's sentence under an abuse-of-discretion standard, regardless of whether that sentence is inside or outside the Guidelines range. Gall v. United States, 552 U.S. 38, 49 (2007). The Supreme Court has admonished that our review of a district court's sentencing decision is limited to the determination of whether the sentence is reasonable. United States v. Booker, 543 U.S. 220, 224 (2005).

Our review of Guerra's sentence for reasonableness entails a two-step analysis. Gall, 552 U.S. at 51. First, we must ensure that the district court committed no significant procedural error. Id. at 50. In assessing the procedural reasonableness of a sentence--whether the district court has properly applied the Guidelines--we review factual findings for clear error and legal conclusions de novo. United States v. Llamas, 599 F.3d 381, 387 (4th Cir. 2010). If the district court's sentencing decision is procedurally sound, we then examine the substantive reasonableness of the sentence amongst the totality of the circumstances. Id. at 51. Gall permits us to apply a presumption of reasonableness if the sentence imposed is within the Guidelines range. Id.

III.

A.

5

Our initial inquiry of procedural reasonableness focuses on whether the district court (1) correctly calculated the applicable Guidelines range; (2) considered the factors under § 3553(a) and determined whether they supported the chosen sentence; (3) made an individualized assessment based on the facts; and (4) adequately explained the chosen sentence to allow for meaningful appellate review. Gall, 552 U.S. at 49-50.

Guerra argues that his sentence is procedurally unreasonable for three reasons: (1) the district court did not properly consider the § 3553(a) factors; (2) the district court relied on an incorrect Guidelines range; and (3) the district court did not adequately explain his sentence. We consider each contention in turn.

1.

Guerra contends that the district court failed to properly apply the § 3553(a) factors to his case in two ways. First, he argues that the court made "sweeping generalizations" regarding his conduct that are insufficient to constitute an individualized assessment under Gall. Second, he contends that the only determinations made that were specific to his conduct weighed in his favor. The government responds that the court properly addressed all of the § 3553(a) factors and that the nature and seriousness of Guerra's conduct weighed against a downward variance.

6

We reject Guerra's arguments. We have previously held that a district court is not required to provide a lengthy explanation of all the factors under § 3553(a). United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012). And as we have many times explained, the court need not "robotically tick through § 3553(a)'s every subsection" to conduct an individual assessment. United States v. Carter, 564 F.3d 325, 329 (4th Cir. 2009).

In this case, the district court highlighted the nature and seriousness of Guerra's conduct, referencing paragraphs 10 through 22 of the PSR. J.A. 199. Based on the number of images recovered--"some 1,816"—and the graphic nature of the sexual violence portrayed in those images, the court concluded that Guerra may pose a risk to society. J.A. 202. The court also noted that people need to be deterred from viewing child pornography because it promotes the abuse of children. J.A. 198. While the district court acknowledged that certain mitigating factors weighed in Guerra's favor, it ultimately concluded that the fact that Guerra "made [child pornography] available to others" weighed against a variance. J.A. 199.

Because the district court acted well within its discretion in determining the weight given to each of the § 3553(a) factors, we conclude that the district court's explanation of

7

Guerra's sentence was sufficient to constitute an "individualized assessment" under <u>Gall</u>. 552 U.S. at 51.

2.

Next, Guerra argues that the district court relied on an incorrect Guidelines range in determining his sentence. He contends that the district court improperly considered what the Guidelines range would have been but for the statutory maximum when assessing the appropriate sentence. The government responds that the district court properly determined that the statutory maximum sentence was the Guidelines sentence, not a variance sentence, and that, any challenge to the 120-month sentencing guideline should be reviewed for plain error because Guerra did not object at the hearing.

We agree with the government. USSG § 5G1.1(a) instructs a district court to apply the statutory maximum sentence if the maximum sentence allowed by statute is less than what the Guidelines range otherwise would have been. <u>United States v. Carr</u>, 395 F. App'x 983, 987 (4th Cir. 2010) (unpublished).

Applying the enhancements recommended in the PSR, the district court observed that the applicable Guidelines range was 188-235 months in prison. The district court acknowledged that the statutory range was limited to 120 months under 18 U.S.C. § 2252(b)(2) and applied USSG § 5G1.1(a)--noting that a statutory maximum sentence would not be a variance, but a

8

Guidelines sentence.[1]  Consequently, Guerra's argument fails under both the abuse-of-discretion and plain error standards because he has not shown that the court considered the higher Guidelines range to be an aggravating factor in its sentencing decision.

3.

Lastly, Guerra argues that the district court committed procedural error by failing to adequately explain its sentence. First, he contends that the court "reiterated the generic enhancements" and failed to individually assess the § 3553(a) factors based on the record.  Second, he argues that the district court did not provide a written explanation of the sentence in the statement of reasons.  The government asserts that Guerra has failed to satisfy his burden to show the inadequacy of the court's explanation, and that alternatively, any error was harmless.

We find first that the district court adequately assessed the § 3553(a) factors.  "Where a matter is conceptually simple and the record makes clear that the district court considered the evidence and arguments, the law does not require the court

---

[1] Guerra's reference to U.S. v. Dorvee, 616 F.3d 174, 180 (2nd Cir. 2010) is not dispositive. We find Dorvee to be distinguishable because, unlike the present case, the district court there improperly treated the higher guidelines sentence "as though it were the benchmark for any variance." Id. at 181.

9

to write more extensively." <u>Rita v. United States</u>, 551 U.S. 338, 359 (2007). Instead, our cases only require a district court to provide some indication that it considered (1) the § 3553(a) factors with respect to the defendant; and (2) the meritorious arguments raised by both parties as to a proper sentence. <u>United States v. Montes-Pineda</u>, 445 F.3d 375, 380 (4th Cir. 2006).

In our view, Guerra's argument that the court "reiterated the generic enhancements" misses the mark because he fails to point out which of the § 3553(a) factors the court applied generally so as to make his sentence unreasonable. To the contrary, the record shows that the district court based its sentence on facts specific to Guerra's conduct.

We also find that the district court's failure to provide a written explanation of Guerra's sentence in the statement of reasons is harmless error. In that regard, we agree with the reasoning of our sister circuits that have reached this same conclusion. <u>See, e.g.</u>, <u>United States v. Mendoza</u>, 543 F.2d 1186, 1196 (10th Cir. 2008) (holding that failure to provide a written statement is harmless error when the district court gives an adequate verbal explanation of its reasons for the sentence).[2]

---

[2] <u>See also</u>, <u>United States v. Jennings</u>, 407 F. App'x 20, 21 (6th Cir. 2011)(unpublished); <u>United States v. Jones</u>, 509 F.3d (Continued)

B.

In light of our conclusion that the district court's sentencing decision is procedurally sound, [we] now "consider the substantive reasonableness of the sentence . . . amongst the totality of the circumstances." Gall, 552 U.S. at 51. Gall permits us to apply a presumption of reasonableness if the sentence is within the Guidelines range, and the fact that we might reasonably have imposed a different sentence is insufficient to justify reversal. Id.

Guerra argues that his sentence is substantively unreasonable for two reasons: (1) the district court did not address the policy issues raised in his Sentencing Memorandum; and (2) the district court relied on an improper sentencing factor. We disagree.

1.

Guerra argues that the district court failed to consider the policy arguments he presented in determining his sentence. Specifically, he contends the court did not address: (1) the "widespread concerns" with the application of USSG § 2G2.2; (2) cases similar to Guerra's where variances were applied; and (3)

911, 916 (8th Cir. 2007); United States v. Thomas, 313 F. App'x 280, 283 (11th Cir. 2009) (per curiam).

11

why Guerra's own sexual abuse was or was not a factor in sentencing.

We believe the record establishes that the district court properly considered the policy issues raised by Guerra. First, the record shows that the court engaged in a discussion with Guerra's counsel regarding the application of USSG § 2G2.2. After Guerra argued that the § 2G2.2 enhancement was "dictated by fiat," the district court noted that "Congress holds hearings and reviews a lot of information before they send something to the commission." J.A. 171-174.

Second, the district court was unable to determine whether Guerra's sentence imposed an unwarranted disparity because it did not have before it sufficient relevant information. At the hearing, Guerra failed to offer any statistics or case law regarding the application of § 2G2.2 within this circuit. The district court also concluded that the cases Guerra offered were not helpful to its determination, stating that "without knowing the specifics . . . the information could not be meaningfully used." J.A. 207.

Third, the district court did in fact consider Guerra's history of sexual abuse as a mitigating factor, albeit with a tinge of irony given Guerra's offense. Unpersuaded, the court explained its view that, "such a personal history should cause

12

an individual not to involve themselves in images that promote the production of child pornography." J.A. 206.

We find no abuse of discretion in the district court's disposition of Guerra's policy arguments.

2.

Finally, Guerra contends that his sentence is substantively unreasonable because the district court relied on an improper factor when imposing sentence. Specifically, he asserts that the court considered the need for rehabilitation as a sentencing factor in violation of 18 U.S.C. § 3582(a), when it briefly expressed its hope that "[Guerra] would get treatment for matters that happened to him before [his involvement] with child pronography." J.A. 210. The government responds that the basis for Guerra's sentence was the nature and seriousness of his conduct, not the need for rehabilitation, and that, because Guerra failed to object to the court's remark, his challenge should be reviewed for plain error.

We review Guerra's challenge for plain error as a consequence of his failure to object. Thus, Guerra bears the burden of establishing (1) that the district court erred; (2) that the error was "plain"; and (3) that the error affected the outcome of the proceeding. United States v. Olano, 507 U.S. 725, 734-35 (1993). While we have discretion to correct a forfeited error, we should not do so unless the error "seriously

13

affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. at 732. In our view, Guerra cannot show error because the record establishes that his sentence was not imposed or lengthened to promote his rehabilitation.

We are satisfied that the district court based its sentence on the nature and seriousness of Guerra's conduct. The court found that Guerra possessed and distributed 1,816 child pornography images involving children under the age of twelve years old, some of which portrayed acts of sexual violence. Because the topic of rehabilitation was raised only after the court denied Guerra's motion for a downward variance, we find that the length or imposition of Guerra's sentence was not premised upon a motive or intention that Guerra would receive rehabilitative treatment.

In sum, we are not persuaded that Guerra's sentence is substantively unreasonable.

IV.

For the foregoing reasons, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and arugment would not aid the decisional process.

AFFIRMED

14